

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 13, 1974

The Honorable Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas 78701

Opinion No. H- 301

Re: Construction of Senate
Bill 123 (63rd Leg.)
with provisions of the
Texas Education Code.

Dear Dr. Edgar:

Your inquiry has to do with the effect of Article 5923b, V. T. C. S.,
the so-called Eighteen Year Old Law, upon various provisions of the
Education Code.

Article 5923b, in part, provides:

"Section 1. The purpose of this Act is to extend all
the rights, privileges, and obligations of majority to all
persons who are at least 18 years of age. It shall be
construed liberally to accomplish that purpose.

"Sec. 2. Notwithstanding any statutory or decisional
law, or any rule, regulation, or ordinance of this state
or of any political subdivision or incorporated city or town
of this state, a person who is at least 18 years of age has
all the rights, privileges, and obligations of a person who
is 21 years of age. A law, rule, regulation, or ordinance
which extends a right, privilege, or obligation to a person
on the basis of a minimum age of 21, 20, or 19 years
shall be interpreted as prescribing a minimum age of 18
years.

. . . "

Your first question asks:

"Does an 18-year-old per se have the right to
establish a residence, at any time, for public free
school attendance purposes in a Texas school dis-
trict wherein his parents do not reside?"

In Attorney General Opinions H-82, 83, 84 and 85 (1973), we discussed
at some length and with reference to a variety of situations, the effect of
Article 5923b. We concluded in Opinion H-82 that the effect of the
statute was the removal of the disabilities of minority of those 18 years
of age or older. It did not amend all statutes in which the age 21 appeared.
Rather, it extended to those younger than 21 the "rights, privileges and
obligations" of those who theretofore had achieved majority by reaching
the age of 21.

Section 21.031(b) and (c) of the Texas Education Code, V. T. C. S.,
provides:

"(b) Every child in this state over the age
of six years and not over the age of 21 years on
the first day of September of the year in which
admission is sought shall be permitted to attend
the public free schools of the district in which he
resides or in which his parent, guardian, or the
person having lawful control of him resides at
the time he applies for admission notwithstanding
the fact that he may have been enumerated in the
scholastic census of a different district or may
have attended school elsewhere for a part of the
year.

"(c) The board of trustees of any public free
school district of this state shall admit into the
public free schools of the district free of tuition
all persons over six and not over 21 years of age
at the beginning of the scholastic year if such per-
son or his parent, guardian or person having law-
ful control resides within the school district. "

Citing a line of Attorney General Opinions we concluded in Attorney
General Opinion H-63 (1973) that even as to a minor, his residence for the
purpose of determining eligibility for free public education under Sec. 21.031
of the Texas Education Code, if not that of his parents, would depend upon

whether residence was bona fide or was merely an ostensible residence for the purpose of attending a different school.  We said there that each instance would have to be determined upon an examination of the detailed facts and that, in .each instance, the school official charged with the responsibility for this decision would have to weigh: all facts and conclude that the residence either was a bona fide residence or was one which was merely ostensible.  Normally, residence is a matter of volition or intention and does not normally depend upon the length of time.  See Attorney General Opinion H-156 (1973).  It is our opinion therefore, that an 18 year old may establish his own residence in the same manner and with the same legal result as could any other adult.

Your second question asks whether an 18 year old, while enrolled as a student in a Texas public school district, may legally qualify and serve as a member of the Board of Trustees of the district when duly elected or appointed thereto.  We had this precise question before us in Attorney General Opinion H-84 (1973).  In that opinion we pointed out that, regardless of Article 5923b, V. T. C. S. , an individual who is 18 years of age and in compliance with all other provisions of Article 5. 08 of the Election Code, V. T. C. S. , is eligible to be a candidate for the office of Trustee of an independent school district.

We do not see any incompatibility in the fact that the student, if elected to the Board of Trustees, may be in the position of formulating policy by which he would be controlled as a student.  We considered a rather similar situation in our Letter Advisory No. 13 (1973) where we held that there was not necessarily a disqualifying conflict of interests between the status of a person as a tenant and his being appointed commissioner of a public housing authority.

## SUMMARY

A person at least 18 years of age may determine his own residence in the same manner and with the same legal result as could any other adult.

A person enrolled as a student in a public school, who is 18 years of age or older, may legally qualify and serve as a member of a Board of Trustees of the district if otherwise qualified.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee